UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| R.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:24-cv-00332-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| LELAND DUDEK, *Acting Commissioner of Social Security*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Plaintiff R.C. seeks judicial review of an administrative decision denying his claim for supplemental security income.[1] R.C. brings this action pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** R.C's Motion for Summary Judgment [R. 7] and **GRANT** the Commissioner's [R. 9].

**I**

Plaintiff R.C. filed an application for supplemental security income (SSI) on April 20, 2022. [R. 6 at 173.] Since SSI is not payable for any months prior to the application filing date, the relevant period started in April 2022. *See* 20 C.F.R. §§ 416.330, 416.335. The Social Security Administration denied his claim on its initial review. [R. 6 at 53.] On reconsideration, the Social Security Administration again denied R.C's claim. *Id*. at 60. R.C. then had a hearing before Administrative Law Judge Davida Isaacs, who again denied R.C.'s request for benefits. *Id*. at 19. On September 12, 2024, the Appeals Council denied review, leading R.C. to file a

---

[1] The claimant's initials are used in lieu of their name to protect their sensitive medical information contained throughout the Memorandum Opinion and Order.

Complaint with this Court, seeking review under 42 U.S.C. § 405(g). [R. 1.] Both parties have now filed motions for summary judgment which are ripe for review. [R. 7; R. 9.]

## II

To evaluate a claim of disability for Supplemental Security Income disability benefits, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 416.920. If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops. *Id.* § 404.1520(a)(4). First, if a claimant is performing substantial gainful activity, he is not disabled. *Id.* § 404.1520(a)(4)(i). Second, if a claimant does not have a severe impairment or combination of impairments, he is not disabled. *Id.* § 404.1520(ii). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses his ability to perform certain physical and mental work activities on a sustained basis despite any impairment. *See id.* C.F.R. §§ 404.1520(e), 404.1545. Under the fourth step, an ALJ uses a claimant's RFC to determine whether he is still able to do her past work. *Id.* § 404.1520(a)(4)(iv). If so, he is not disabled. *Id.*

Finally, if an ALJ assesses a claimant's RFC in conjunction with his age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled. *See Id.* §§ 404.1520(g), 404.1560(c). Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is

2

precluded from performing [his] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

### A

The ALJ completed the first two steps of the five-step analysis to determine R.C.'s disability status. She first determined that R.C. had not engaged in substantial gainful employment during the period in which he claimed to be disabled. [R. 6 at 25.] Then, the ALJ found that R.C. "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months" and therefore "does not have a severe impairment or combination of impairments." *Id*. at 25. The ALJ found R.C. to have the following medically determinable impairments: substance (heroin) abuse, in remission; degenerative joint disease of the knees; sinus bradycardia; preliminary HIV positive; and residual effects of remote Hepatitis C infection. *Id*. Nevertheless, the ALJ found R.C.'s degenerative disc disease of the lumbar spine to be "not medically determinable." *Id*. The ALJ then walked through the available medical evidence, considering R.C.'s claimed symptoms, R.C.'s own testimony, R.C.'s medical records, the opinion of healthcare providers, and the opinion of state agency examiners. *Id*. at 25-29. Based on that evidence, the ALJ made an unfavorable severity determination and found that R.C. is not disabled. *Id*.

### B

The Court's review of the ALJ's determination is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is said to be "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might

3

accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To decide whether substantial evidence exists, courts must examine the record as a whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  A reviewing court is restricted from making factual findings *de novo*, resolving conflicts in the evidence, or making credibility determinations.  *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).  Rather, if the Commissioner's decision is supported by substantial, legitimate evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

R.C. raises two issues with how the ALJ decided his case.  First, he argues that the ALJ erred in finding he did not have a severe impairment.  [R. 7 at 5-10.]  In R.C's view, the ALJ did not fairly contend with the objective evidence of R.C.'s impairments.  *Id.* at 6. R.C. also asserts that the ALJ improperly disregarded the opinion evidence of both the APRN that gave R.C. a physical consultative examination and the state agency examiners that reviewed R.C.'s records.  *Id.* at 6-10.  Furthermore, R.C argues the ALJ did not properly consider R.C.'s own subjective testimony from the administrative hearing.  *Id.* at 9-10.  The second issue R.C. raises is his contention that the ALJ erred by considering his substance abuse.  *Id.* at 10.[2]

---

[2] R.C. also argues that a finding of disabled is directed by the Medical-Vocational Guidelines.  [R. 7 at 11.]  However, this argument is predicated on his theory that he "has a severe knee impairment and is

4

**1**

The Court first considers whether substantial evidence supported the ALJ's determination that R.C. did not have a severe impairment. Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Social Security regulations interpret "disability" to require the existence of a "severe impairment" – one that "significantly limits [the claimant's] physical or mental ability to do basic work activities" in light of that individual's age, education, and work experience. 20 C.F.R. § 404.1520(c). The burden is on the claimant to show that he had a severe impairment that met the twelve-month duration requirement. *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012). The Sixth Circuit has "characterized step two of the disability determination process as a '*de minimis* hurdle.'" *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929 (6th Cir. 2007) (quoting *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988)). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs*, 880 F.2d at 862.

Despite the "*de minimis*" nature of the step two hurdle, R.C. has failed to clear it. In his view the physical exam provider, APRN Amber Ballard, "observed numerous abnormalities on exam that the ALJ failed to adequately consider." [R. 7 at 6.] These include an "abnormal gait," slightly decreased leg strength, and pain in the right knee.[3] [R. 6 at 281-82.] X-rays of both

---

limited to light work as determined by the state agency examiners." As the Court ultimately believes substantial evidence supports the ALJ's severity determination, it need not consider this third "issue" raised by R.C.

[3] The Court notes that Ballard's report is contradictory on this issue, at one point noting R.C. denies neck, shoulder, or knee pain before writing further down the page that he admits to pain in the right knee, neck and shoulders. [R. 6 at 281.]

knees showed moderate decrease in the joint space medially, but no fracture or effusion. *Id*. Ballard ultimately concluded that, based on the examination, "[R.C.] would not be able to sit, walk, and/or stand for a full workday." *Id*. This physical examination, limited as it is, is essentially the only objective evidence present in the record and it was on this evidence that APRN Ballard and the state agency examiners relied when making their determinations.

In considering the March 18, 2023, examination itself, the ALJ noted several inconsistencies in the report. First, the ALJ noted that, despite R.C.'s gait and slightly reduced range of motion in his knee, the report indicates he "could rise from a sitting position without assistance," "was able to bend without difficulty," and had "'4-4.5/5' strength in the lower extremities." *Id*. at 27. The ALJ further noted that "[t]here is no evidence of other longitudinal complaints to medical providers regarding the claimant's knee…functioning." *Id*. The other inconsistency the ALJ emphasized was that, despite R.C.'s allegations of "an amputated finger and other finger and thumb issues that interfere with his hand grip" the examination revealed that he had a "'5/5' grip strength, normal fine motor movements, dexterity, and ability to grasp objects bilaterally." *Id*. This was a thorough and probing consideration of the evidence, such as it was available to the ALJ.

The ALJ also considered several other doctor's visits R.C. underwent between April and June of 2024. On April 4, 2024, R.C. "underwent an unremarkable physical and mental examination by an APRN" which noted that his gait was "WNL [within normal limits]." *Id*. at 27, 395. On May 7 and May 23, 2024, appointments R.C. "denied any physical (including musculoskeletal) and mental symptoms" and on June 5, 2024 he "again denied any physical or mental symptoms." *Id*. at 27, 481, 495, 509, 628. It was against the backdrop of these various reports that the ALJ considered the opinion evidence.

6

As discussed above, APRN Ballard contemplated some limitation on R.C.'s ability to endure a full work day.  In addition to APRN Ballard's opinion, the ALJ also considered opinions from state agency consultants.  Those state agency consultants formed their opinion by relying only on "[R.C.'s] allegations and the physical consultative examination" conducted by Ballard and concluded that R.C. "had a severe physical impairment of knee osteoarthritis and limited the claimant to light exertional work with additional postural and environmental limitations." *Id*. at 29.  However, the ALJ disregarded those opinions for two primary reasons: first, the later records discussed above were not available to the state agency consultants and establish that R.C.'s "knee issues did not last 12 months or longer"; and second, the findings within the physical examination indicated R.C. had "no muscle asymmetry, atrophy, or involuntary movements; no structural deformity; could rise from a sitting position without assistance; was able to bend without difficulty; had no edema, cyanosis, or erythema; good muscle tone; and '4-4.5/5' strength in the lower extremities; and intact reflexes and sensory function," which did not support finding a severe impairment. *Id*.

The Court cannot say that the ALJ's finding in this case was unsupported by substantial evidence.  Tasked with evaluating the persuasiveness of the opinions, the ALJ determined that the opinion of APRN Ballard was internally inconsistent and not borne out by the objective evidence. *See Nasser v. Comm'r of Soc. Sec.*, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (ALJ properly discounted an opinion as unpersuasive where it was inconsistent with the opining source's own treatment records).  For similar reasons, the ALJ found the state agency examiners opinions equally unpersuasive, as they themselves were predicated only on R.C.'s subjective complaints and the flawed examination from APRN Ballard. [R. 6 at 29.] The ALJ also evaluated whether the opinion evidence was consistent with the record and determined it was

7

not. *Id*. The ALJ explained that, unlike the state agency examiners and APRN Ballard, she had access to numerous later records where R.C. repeatedly denied having any physical issues. *Id*.; *See Claunch v. Kijakazi*, 2023 WL 1822376, at *3 (E.D.KY. Feb. 8, 2023) ("an ALJ can find a medical opinion to be unpersuasive solely because it is inconsistent with other evidence in the record") (citing *Nasser*, 2022 WL 17348838, at *4-5).

Even viewing APRN Ballard's report in the view most favorable to R.C., its contents were thoroughly mixed and contradicted by later record evidence (from R.C.'s own mouth no less). *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007) ("[w]hen doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment.") (quoting *Long v. Apfel,* 1 Fed. App'x 326, 331 (6th Cir. 2001)). The ALJ reasonably considered the evidence before her in this case and fairly disregarded the opinion evidence available for well-articulated and justifiable reasons. Based on the record, her ultimate decision to find R.C. had no severe impairment was supported by substantial evidence.

**2**

The Court next turns to R.C.'s argument that the ALJ erred in considering his substance abuse. [R. 7 at 10; R. 10 at 4-5.] The Social Security Act provides that "an individual shall not be considered to be disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). SSR 13-2p governs the evaluation of cases involving drug addiction and alcoholism. It requires that an ALJ make a DAA (drug and alcohol abuse) materiality determination only when there is "medical evidence from an acceptable medical source

8

establishing that a claimant has a substance use disorder," and the claimant is found to be disabled "considering all impairments, including the DAA." *See* SSR 13-2p, 2013 WL 621536 (Feb. 20, 2013), amended, March 22, 2013. In R.C.'s view, the ALJ, with no determination that R.C. was disabled, "found 'substance (heroin) abuse, in remission' as a medically determinable impairment" and erroneously assessed its impacts on R.C.'s mental impairment. [R. 7 at 10.]

It is not clear to the Court what error occurred here that R.C. takes issue with. Essentially, "the regulations require the Commissioner to first determine if the 'gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability' before considering the net total of which limitations would remain when the effects of the substance use disorders are absent.'" *McKnight v. Astrue*, 2012 WL 71327 (S.D. Ohio Jan. 10, 2012) (quoting *Brueggemann v. Barnhart,* 348 F.3d 689, 694–95 (8th Cir.2003)), *report and recommendation adopted sub nom. McKnight v. Comm'r of Soc. Sec.*, 2012 WL 292469 (S.D. Ohio Feb. 1, 2012). But here the ALJ neither found that R.C. had a severe impairment absent consideration of his drug abuse nor a severe impairment as a result of his drug abuse. Indeed, the ALJ specifically rejected any finding of mental impairments based on drug abuse. [R. 6 at 28-29.]

Cases that take issue with how ALJs handle claimants' drug abuse are primarily concerned when ALJs improperly use substance abuse as a way of discounting the claimant's other symptoms or conflate substance abuse symptoms with other symptoms. *See McKnight*, 2012 WL 71327 at *9; *Lynch v. Comm'r of Soc. Sec.*, 2013 WL 264670 *7-9 (S.D. Ohio Jan. 23, 2013), *report and recommendation adopted*, 2013 WL 588888 (S.D. Ohio Feb. 14, 2013); *Morrison v. Comm'r of Soc. Sec.*, 2014 WL 7409752 *9-11 (S.D. Ohio Dec. 31, 2014). And in many such cases the ALJ has already reached beyond the severity determination of step two and

9

moved on to the subsequent steps. Not so here. In this case, the ALJ had no cause to determine whether R.C. was still disabled absent consideration of his substance abuse because the ALJ did not find him to have any severe impairments at all. Essentially, the ALJ undertook the proper analysis of considering the "gross total" of R.C.'s impairments, including the effects of substance use disorders, and found that no combination gave rise to a severe impairment. This is not the improper, cart-before-the-horse analysis that SSR 13-2p bars.

### III

While the Court sympathizes with R.C.'s difficulties, its role is not to retry his case. Instead, the Court finds that substantial evidence supported the ALJ's opinion. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that R.C.'s Motion for Summary Judgment **[R. 7]** is **DENIED**, and the Commissioner's Motion for Summary Judgment **[R. 9]** is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 13th day of May, 2025.

Gregory F. Van Tatenhove
United States District Judge